

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

FEB 2 6 2007

J. T. NOBLIN, CLERK
BY_____DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

INTERSTATE FIBERNET, INC.                                   PLAINTIFF

VERSUS                                      CIVIL ACTION NO. 4:02cv113LN

SIXTY-THREE (63) PARCELS OF REAL                            DEFENDANTS
PROPERTY, et al.

## DEFAULT JUDGMENT

This cause having come on for consideration on the motion of plaintiff, Interstate

FiberNet, Inc. ("IFN"), for default judgment against the non-answering defendants named

hereafter, the Court, having taken note that default has been properly entered against such non-

answering defendants, and being fully advised in the premises, finds as follows:

1.      Argell B. Jones, one of the known heirs of Dan Evans, Jr., Deceased, was

personally served with process by IFN.  Process was also properly served by publication on the

unknown heirs of Dan Evans, Jr., Deceased.  Any such persons, including Argell B. Jones,  may

own or may claim an interest in the following property described in the complaint:

> That part of the ROW granted to MPC by the Final Judgment entered in
> *Mississippi Power Company vs. June Evans, et al.* in the Special Court of
> Eminent Domain, First Judicial District of Jasper County, Mississippi, recorded
> on April 27, 1966 in Book 33, Page 1 of the Land Deed Records of Jasper County,
> Mississippi, on, over, across and under the S ½ of the SE ¼, Section 7, Township
> 10 North, Range 10 West, First Judicial District of Jasper County, Mississippi.
>
> The 125' wide ROW therein granted to MPC by the aforementioned Judgment is
> described as being 62.5' on each side of a center line and the continuations
> thereof, said center line being more particularly described as:  Beginning at a point
> on the North boundary line of the S ½ of SE ¼ of said Section 7, which point is
> located 1328' East of a fence corner marking the NW corner thereof, thence run
> South 8 degrees 21 minutes West for a distance 1320', more or less, to a point on

the South boundary line of the SW ¼ of the SE ¼ of said Section 7; and all being situated in the S ½ of SE ¼, Section 7, Township 10 North, Range 10 West, First Judicial District of Jasper County, Mississippi.

Easement to be acquired is approximately 1500 linear feet, or 4.29 acres.

2.      Process was also properly served by publication on the unknown heirs of Warner Gilmore, Deceased, the unknown heirs of Ervin Gilmore a/k/a Irvin Gilmore, Deceased, and the unknown heirs of Willie B. Gilmore, Deceased.  Any such persons may own or may claim an interest in the following property described in the complaint:

That part of the ROW granted to MPC by Warner Gilmore by Transmission Line Permit dated June 5, 1965 and recorded June 21, 1965 in Book 31, Page 572 of the Land Deed Records of Jasper County, Mississippi, on, over, across and under the NW 1/4 of the SW 1/4 of Section 33, Township 2 North, Range 13 East, First Judicial District of Jasper County, Mississippi.

The 125' wide ROW therein granted to MPC by Warner Gilmore is described as being 62.5' on each side of a center line and the continuations thereof; said center line being described as follow: Beginning at a point on the North boundary line of the NW 1/4 of SW 1/4 of Section 33, Township 2 North, Range 13 East, Jasper County, Mississippi, which point is located 353.9' West of an iron pin marking the NE corner thereof; thence run South 27 degrees 27 minutes West for a distance of 1584', more or less, to a point on the South boundary line of the NW 1/4 of the SW 1/4.

Easement to be acquired is approximately 1525 linear feet, or 4.38 acres.

3.      Process was also properly served by publication on the unknown heirs of Viola Simmons Davis, Deceased.  Any such persons may own or may claim an interest in the following property described in the complaint:

2

That part of the ROW granted to MPC by Viola Simmons Davis by Transmission
Line Permit dated June 22, 1965 and recorded on July 8, 1965 in Book 32, Page
14 of the Land Deed Records of Jasper County, Mississippi, on, over, across and
under the South 8.0 acres of the N ½ of LOT 10 (said LOT sometimes called the
SE 1/4 of the NW 1/4), Section 19, Township 10 North, Range 10 West, First
Judicial District of Jasper County, Mississippi.

The 125' wide ROW therein granted to MPC by Viola Simmons Davis is
described as being 62.5' on each side of a center line and the continuations
thereof; said center line being described as follows: Commencing at a point on the
South boundary line of LOT 10, of Section 19, Township 10 North, Range 10
West, Jasper County, Mississippi, which point is located 641.7' East of a painted
pine knot marking the SW corner thereof; thence run North 34 degrees 08 minutes
East for a distance 782', more or less, to a point on the South boundary line of the
South 8 acres of the N ½ of LOT 10 and the Point of Beginning, and from this
point of beginning, continue North 34 degrees 08 minutes East for a distance of
313', more or less, to a point on the North boundary line of said above described
South 8 acres of the N ½ of LOT 10.

Easement to be acquired is approximately 300 linear feet, or 0.86 acre.

4.      Process was also properly served by publication on the unknown heirs of Edd

Trotter, Deceased.  Any such persons may own or may claim an interest in the following property

described in the complaint:

That part of the ROW granted to MPC by Edd Trotter by Transmission Line
Permit dated July 6, 1965 and recorded July 29, 1965 in Book 32, Page 48 of the
Land Deed Records of Jasper County, Mississippi, on, over, across and under the
S ½ of the SE 1/4 and 20 acres off east end of the N ½ of the SE 1/4, Section 28,
Township 2 North, Range 13 East, First Judicial District of Jasper County,
Mississippi.

The 125' wide ROW therein granted to MPC by Edd Trotter is described as being
62.5' on each side of a center line and the continuations thereof; said center line
being described as follows: Commencing at a point on the South boundary line of
the S ½ of the SE 1/4 of the SW 1/4 of Section 28, Township 2 North, Range 13
East, which point is located 260.7' West of a pine knot marking the SE corner
thereof; thence run North 27 degrees 52 minutes East for a distance of 580', to a

point on the West boundary of the SW 1/4 of the SE 1/4 of Section 28, and the Point of Beginning, and from this point of beginning, continue North 27 degrees 52 minutes East for a distance of 930', more or less, to a point on the North boundary line of said SW 1/4 of SE 1/4.

Easement to be acquired is approximately 825 linear feet or 2.37 acres.

5.      Process was also properly served by publication on the unknown heirs of Webb Simmons, Deceased.  Any such persons may own or may claim an interest in the following property described in the complaint:

That part of the ROW granted to MPC by Sam Simmons, et al, by Transmission Line Permit dated December 1, 1965 and recorded January 12, 1966 in Book 32, Page 470 of the Land Deed Records of Jasper County, Mississippi, and that part of the ROW granted to MPC by Willie Mae Simmons Raines by Transmission Line Permit dated December 27, 1965 and recorded January 12, 1966 in Book 32, Page 473 of the Land Deed Records of Jasper County, Mississippi, on, over, across and under the NE 1/4 of the NE 1/4 lying South of Heidelberg and Corinth Road; and the North twenty-one acres of SE 1/4 of NE 1/4, Section 25, Township 1 North, Range 12 East, First Judicial District of Jasper County, Mississippi.

The 125' wide ROW therein granted to MPC by Sam Simmons, et al and Willie Mae Simmons Raines is described as being 62.5' on each side of a center line and the continuations thereof, said center line is described as follows:  Commencing at a point on the West boundary line of the SE 1/4 of the NE 1/4 of Section 25, which point is located 11.6' North of a fence corner marking the SW corner thereof; thence run North 36 degrees 02 minutes East for a distance 800', more or less,  to a point on the South boundary line of the North 19 acres of the SE 1/4 of the NE 1/4 and the Point of Beginning, and from this point of beginning, continue North 36 degrees 02 minutes East for a distance of 1446', more or less, to a point on the East boundary line of the NE 1/4 of the NE 1/4 of said Section 25.

Easement to be acquired is approximately 1100 linear feet, or 3.16 acres.

4

6.      Process was also properly served by publication on the unknown heirs of John

Cagle, Deceased.  Any such persons may own or may claim an interest in the following property

described in the complaint:

> That part of the ROW granted to MPC by Lola Lee Childress and Bennie
> Childress by Easement dated February 12, 1966 and recorded February 18, 1966
> in Book 32, Page 530 of the Land Deed Records of Jasper County, Mississippi,
> on, over, across and under the S 1/2of the SW 1/4 of Section 36, Township 3
> North, Range 13 East, First Judicial District of Jasper County, Mississippi.

> The 125' wide Row therein granted to MPC by Lola Lee Childress and Bennie
> Childress is described as being 62.5' on each side of a center line of follows:
> Beginning at a point on the South boundary line of the SW 1/4 of the SW 1/4 of
> Section 36, Township 3 North, Range 13 East, which point is located 148' East of
> a concrete monument marking the SW corner thereof; thence run North 25
> degrees 54 minutes East for a distance 1478', more or less, to a point on the North
> boundary line of said SW 1/4 of SW 1/4.

> Easement to be acquired is approximately 4350 linear feet, or 12.48 acres.

7.      Process was also properly served by publication on the unknown heirs of Lula

Mae Smith, Deceased.  Any such persons may own or may claim an interest in the following

property described in the complaint:

> That part of the ROW granted to MPC by Lula Mae R. Harrell and Lydia L.
> McPherson by Transmission Line Permit dated July 21, 1965 and recorded August
> 2, 1965 in Book 32, Page 62 of the Land Deed Records of Jasper and Clarke
> Counties, Mississippi, on, over, across and under the following described real
> property:

> Commence at the NE corner of Section 25, Township 3 North, Range 13 East,
> First Judicial District of Jasper County, Mississippi, and run thence South 12
> chains and 50 links; thence West 3 chains and 85 links; thence in a NW direction
> 12 chains and 50 links to the North line of said Section 25; thence East 5 chains
> and 35 links, more or less, to the point of beginning, and being located in the NE

1/4 of the NE 1/4 of Section 25, Township 3 North, Range 13 East; First Judicial District of Jasper County, Mississippi.

The 125' wide ROW therein granted to MPC by Lula Mae Harrell and Lydia L. McPherson is described as being 62.5' on each side of a center line and the continuations thereof; said center line is described as follows:  Commencing at a point on the South boundary of the SW 1/4 of the SE 1/4 of section 25, Township 3 North, Range 13 East, Jasper County, which point is located 190.2' East of a pine knot marking the SW corner; thence run North 25 degrees 54 minutes East for a distance of 5002', more or less, to a point on the South boundary line of 5 acres in the NE corner of the NE 1 /4 of the NE 1 /4 of Section 25, Township 3 North, Range 13 East, Jasper County, and the Point of Beginning, and from this point of beginning, continue North 25 degrees 54 minutes East for a distance of 920", more or less, to a point on the North boundary line of the NW 1 /4 of the NW 1 /4 of Section 30, Township 3 North, Range 14 East, Clarke County, Mississippi.

That part of the ROW granted to MPC by Lula Mae R. Harrell and Lydia L. McPherson by Transmission Line Permit dated July 21, 1965 and recorded August 2, 1965 in Book 32, Page 62 of the Land Deed Records of Jasper and Clarke Counties, Mississippi, on, over, across and under the N 1/2 of the NW 1/4 of Section 30, Township 3 North, Range 14 East, Clarke County, Mississippi.

The 125' wide ROW therein granted to MPC by Lula Mae Harrell and Lydia L. McPherson is described as being 62.5' on each side of a center line and the continuations thereof; said center line is described as follows:  Commencing at a point on the South boundary of the SW 1/4 of the SE 1/4 of Section 25, Township 3 North, Range 13 East, Jasper County, which point is located 190.2' East of a pine knot marking the SW corner; thence run North 25 degrees 54 minutes East for a distance of 5002', more or less, to a point on the South boundary line of 5 acres in the NE corner of the NE 1/4 of the NE 1/4 of Section 25, Township 3 North, Range 14 East, Jasper County, and the Point of Beginning, and from this point of beginning, continue North 25 degrees 54 minutes East for a distance of 920', more or less, to a point on the North boundary line of the NW 1 / 4 of the NW 1 /4 of Section 30, Township 3 North, Range 14 East, Clarke County, Mississippi.

Easement to be acquired is approximately 300 linear feet, or 86 acres.

6

8.      Process was also properly served by publication on the unknown heirs of James

Thigpen, Deceased.  Any such persons may own or may claim an interest in the following

property described in the complaint:

> That part of the ROW, granted to MPC by Hattie Nixon Thigpen by Transmission
> Line Permit dated June 23, 1965, and recorded on July 8, 1965 in Book 32, Page 8
> of the Land Deed Records of Jasper County, Mississippi, on, over, across and
> under the following described real property:

> Begin 641 & 1/7 feet North of SE corner of SE 1/4 of SE 1/4 of Section 7,
> Township 1 North, Range 13 East, First Judicial District of Jasper County,
> Mississippi; thence run West 660'; thence run North 320 & 4/7'; thence run East
> 660'; thence run South 320 & 4/7' back to the Point of Beginning, being in the
> First Judicial District of Jasper County, Mississippi, containing approximately
> 4.67 acres, more or less.

> The 125' wide right of way therein granted to MPC by Hattie Nixon Thigpen is
> across the SE 1/4 of SE 1/4, Section 7, Township 1North , Range 13 East, First
> Judicial District, Jasper County, Mississippi, and is described as being 62.5' on
> each side of a center line; said center line being the location of the transmission
> line currently in place.

> Easement to be acquired is approximately 275 linear feet, or 0.79 acres.

9.      Process was also properly served by publication on the unknown heirs of Anna

Trotter, Deceased.  Any such persons may own or may claim an interest in the following property

described in the complaint:

> That part of the ROW granted to MPC by Anna Trotter by Transmission Line
> Permit dated June 5, 1965, and recorded on June 21, 1965 in Book 31, Page 576
> of the Land Deed Records of Jasper County, Mississippi, on, over, across and
> under the SE 1/4 of the NW 1/4 less 2 acres south and West of the road in the SW
> part, Section 33, Township 2 North, Range 13 East, First Judicial District of
> Jasper County, Mississippi.

The 125' wide ROW therein granted to MPC by Anna Trotter is more particularly described as being 62.5' on each side of a center line and the continuations thereof; said center line being described as follows:  Beginning at a point on the North boundary line of the SE 1/4 of the NW 1/4, which point is located 343.1' East of a painted pine knot marking the NW corner thereof; thence run South 27 degrees 27 minutes West for a distance of 728', more or less, to a point on the West boundary of said above described SE 1/4 of NW 1/4.

Easement to be acquired is approximately 500 linear feet, or 1.43 acres.

10.     Process was also served by publication on all unknown owners having or claiming an interest in one or more of the parcels of property described in the complaint.

11.     Attached hereto and made a part hereof as Exhibit A is a copy of Exhibit A to the complaint, fully describing all of the property at issue in this action.  However, Parcel 43 was deleted by this Court's order entered December 4, 2006.

12.     Although properly served with process, none of the persons described in paragraphs 1-10 above have answered or otherwise entered an appearance in this action.  IFN is therefore entitled to the entry of default judgment against any and all such persons for the relief requested in the complaint.

IT IS THEREFORE

ORDERED AND ADJUDGED that each and every one of the persons described in paragraphs 1-10 above should be and hereby is declared to be entitled to recover no compensation or damages from IFN because Mississippi Power Company has the right, under its existing easements on the property described herein, to allow IFN to use its fiber optic lines and

8

because IFN's use of those lines imposes no additional burden or servitude on such property.  It is further

       ORDERED AND ADJUDGED that IFN should be and hereby is authorized to file a copy of this judgment in the land records of Clarke, Forrest, Jasper, and Jones Counties, Mississippi, in accordance with the indexing instructions attached hereto and made a part hereof as Exhibit B.

       SO ORDERED AND ADJUDGED this the 26 day of _Feb_, 2007.

_____
UNITED STATES DISTRICT JUDGE


PREPARED BY:

_____
MICHAEL B. WALLACE (MSB #6904)
Wise Carter Child & Caraway
Post Office Box 651
Jackson, MS 39205-0651
401 East Capitol Street, Suite 600
Jackson, MS 39201
601-968-5534
Fax: 601-968-5519


ATTORNEY FOR INTERSTATE FIBERNET, INC.

9